

**ORIGINAL**

# SEALED

#300001239

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 6 2022

CLERK, U.S. DISTRICT COURT
By_____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. SIDESOLVE, LLC, ) ) ) Plaintiff-Relator, ) ) v. ) Case No. **3-22 C V 2 0 6 0 - B** ) EMPIRE ROOFING, INC.; EMPIRE ) ROOFING COMPANIES, INC.; EMPIRE ) ROOFING OF OKLAHOMA, INC.; ) EMPIRE ROOFING AND SHEET METAL, ) INC.; SR DISPOSAL, LTD F/K/A EMPIRE ) DISPOSAL, LTD; EMPIRE ROOFING ) COMPANY SOUTHEAST, LLC; EMPIRE ) ROOFING COMPANY OF GEORGIA, LLC;) RONNIE MCGLOTHLIN; SANDRA ) SEDILLO-MCGLOTHLIN; and TECTA ) AMERICA CORP., ) ) Defendants. ) | **JURY TRIAL DEMANDED** **FILED UNDER SEAL** |

## COMPLAINT

1.      Relator Sidesolve, LLC brings this action on behalf of itself and the United

States of America against defendants Empire Roofing, Inc.; Empire Roofing

Companies, Inc.; Empire Roofing of Oklahoma, Inc.; Empire Roofing and Sheet

Metal, Inc.; SR Disposal, Ltd. f/k/a Empire Disposal, Ltd.; Empire Roofing

Company Southeast, LLC; Empire Roofing Company of Georgia, LLC; Ronnie

McGlothlin; Sandra Sedillo-McGlothlin; and Tecta America Corp. for violations

of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

2.      This action seeks to recover funds that were loaned to Defendants through the federal Government's Paycheck Protection Program ("PPP") and forgiven as a result of false applications.

3.      Sidesolve LLC is a company that uses data to investigate large-scale corporate fraud. Its goal is to use the technology it is developing to protect individuals on private healthcare plans. It is currently developing its technology using public databases. It uses computational statistics to match entities across multiple resources such as databases, social media, corporate filings, and other sources. From this broader picture, it finds fraud leads, which it follows up with a more traditional manual investigation. In sum, Sidesolve LLC uses its expertise and proprietary technology to both collect the scattered pieces of the fraud puzzle and also to put them together into a complete picture of the alleged fraud.

4.      While using its technology to search for potential PPP loan fraud in data released by the SBA, Relator Sidesolve LLC came across Empire Roofing, Inc., which had applied for and received two PPP loans, and its affiliates, which had applied for and received another six PPP loans.

5.      Empire Roofing, Inc. and its affiliates applied for and received PPP loans totaling $6,705,700, all of which, plus interest, was forgiven by the federal Government.

6.      Had these entities properly applied the SBA's Affiliation Rules—the

purpose of which is to prevent exactly this sort of "unbundling" of companies to circumvent SBA requirements — then, upon information and belief, most of these entities would not have been eligible to receive the loans or have received forgiveness for the loans.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and (b), and 28 U.S.C. §§ 1331, 1345.

8.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 31 U.S.C. § 3732(a), as one or more of the defendants resides or transacts business in this jurisdiction and violations of the False Claims Act described herein occurred in this district.

## PARTIES

9.      Defendants Empire Roofing, Inc.; Empire Roofing Companies, Inc.; Empire Roofing of Oklahoma, Inc.; and Empire Roofing and Sheet Metal, Inc. are commercial roofing companies co-founded by Ronnie McGlothlin and Sandra Sedillo-McGlothlin.

10.     SR Disposal, Ltd. f/k/a Empire Disposal Empire Disposal, Ltd. handles commercial and construction waste disposal. It is also co-founded and operated by the McGlothlins.

11.     These entities all have a principal address of 4801 Esco Dr., Fort Worth, TX

76140. This property consists of a single building owned at all relevant times by Empire Roofing.

12.     Empire Roofing Company Southeast, LLC has a principal address of 4615 NW 103rd Ave., Sunrise, FL 3351.

13.     Empire Roofing Company of Georgia, LLC has a principal address of 150 James Aldredge Blvd. SW, Atlanta, GA 30336.

14.     Empire Roofing of Tennessee, LLC has a principal address of 3045 Norbrook Dr., Memphis, TN 38116.

15.     These entities, collectively "Empire Roofing", operate in thirteen locations in the U.S. and one location in Mexico.

16.     In 2021, Empire Roofing—except, upon information and belief, SR Disposal, Ltd.—was purchased by Tecta America Corp., a national commercial roofing contractor.

17.     Prior to the Tecta acquisition, different Empire Roofing affiliates had different owners, although, upon information and belief, Ronnie McGlothlin and Sandra Sedillo-McGlothlin owned and operated at least part of each of the Empire Roofing entities.

## THE PAYCHECK PROTECTION PROGRAM

18.     During the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Section 1102 of the CARES

-4-

Act contains a program called the Paycheck Protection Program ("PPP"), a program administered by the U.S. Small Business Administration ("SBA") to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic.

19.     Section 1102 of the CARES Act temporarily permitted SBA to guarantee 100% of the PPP loans. Section 1106 of the CARES Act provided for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

20.     The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness.

21.     Lenders were compensated by the federal government via processing fees based on the balance of the financing outstanding at the time of final disbursement, in the following amounts:

- Five (5) percent for loans of not more than $350,000;
- Three (3) percent for loans of more than $350,000 and less than $2,000,000; and
- One (1) percent for loans of at least $2,000,000.

22.     Borrowers had to submit documentation necessary to establish eligibility

-5-

such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

23.     In general, the maximum amount borrowers could borrow was calculated by aggregating payroll costs from the previous year, with annual employee salaries capped at $100,000. The borrower then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

24.     Each borrower certified on its PPP application that "[d]uring the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program."

25.     Borrowers "further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

26.     Borrowers were then able to seek forgiveness of the loans if the funds were used for eligible payroll costs, payments on business mortgage interest payments, rent, or utilities during either the 8- or 24-week period after disbursement.

## FACTUAL ALLEGATIONS

27.     Empire Roofing, Inc. was approved for a loan of $2,621,400 on April 7, 2020 by Frost Bank. It reported 237 jobs. The entire loan amount, plus interest,

was forgiven.

28.     Empire Roofing, Inc. was approved for a second loan of $183,900 on April 9, 2020 by Frost Bank. It reported 29 jobs. The entire loan amount, plus interest, was forgiven.

29.     Empire Roofing Companies, Inc. was approved for a loan of $2,080,100 on April 7, 2020 by Frost Bank. It reported 193 jobs. The entire loan amount, plus interest, was forgiven.

30.     Empire Roofing of Oklahoma, Inc. was approved for a loan of $538,900 on April 11, 2020 by Frost Bank. It reported 52 jobs. The entire loan amount, plus interest, was forgiven.

31.     Empire Roofing and Sheet Metal, Inc. was approved for a loan of $70,600 on April 9, 2020 by Frost Bank. It reported 7 jobs. The entire loan amount, plus interest, was forgiven.

32.     Empire Disposal, Ltd. was approved for a loan of $67,600 on April 9, 2020 by Frost Bank. It reported 34 jobs. The entire loan amount, plus interest, was forgiven.

33.     Empire Roofing Company Southeast, LLC was approved for a loan of $870,800 on April 10, 2020 by Frost Bank. It reported 78 jobs. The entire loan amount, plus interest, was forgiven.

34.     Empire Roofing Company of Georgia, LLC was approved for a loan of

$272,400 on April 9, 2020 by Frost Bank. It reported 26 jobs. The entire loan amount, plus interest, was forgiven.

35.     In total, Empire Roofing received $6,705,700 in PPP funding, all forgiven, including interest forgiven.

36.     Version one of the PPP Borrower Application Form, effective April 2, 2020, required the applicant to certify in good faith that, inter alia:

    a.  The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).

    b.  The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees [sic] or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.

    c.  During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

    d.  I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

37.     Some or all of the above PPP certifications were false when made by the various Empire Roofing affiliates. Empire Roofing, Inc. received two PPP loans, and the various Empire Roofing entities received a combined eight PPP loans.

38.     Empire Roofing violated the PPP rules by applying for more than one PPP loan.

39.     Lenders would not have funded or forgiven multiple loans for Empire Roofing had they been aware of this fact.

40.     This is a material term of the PPP loan application, as evinced by the Department of Justice seeking both False Claims Act and Financial Institutions Reform, Recovery and Enforcement Act penalties against entities and individuals who applied for and received multiple PPP loans.

41.     Moreover, Empire Roofing was not eligible to receive PPP funding.

42.     In addition to small business concerns, a business only was eligible for a First Draw PPP Loan if the business had 500 or fewer employees or the business met the SBA employee-based or revenue-based size standard for the industry in which it operates (if applicable).

43.     Upon information and belief, Empire Roofing did not qualify for a PPP loan under the employment test because it employed more than 500 employees, as evinced by their own loan applications, website, and news media, and, upon information and belief, its combined annual receipts exceeded the SBA limits, as

evinced by its own website and news media.

44.     Under the SBA's Affiliation Rules for PPP loans, codified at 13 C.F.R. § 121.301(f), the employees and revenues of Empire Roofing should have been added together when determining whether any of the corporate entities individually qualified for PPP loans.

45.     When multiple entities are operated under common ownership or management operate, the SBA generally applies "affiliation rules" that require the various entities to consolidate their employee and revenue count when evaluating their loan eligibility.

46.     Each Empire Roofing location and entity qualified as an "affiliate" under the SBA's Affiliation Rules, under the ownership, management, or identity of interest tests.

47.     According to the Empire Roofing website as it existed at the time (which is shared by the different entities), "Our affiliated locations are individually owned and separately operated by long-time industry professionals, although some administrative functions are centralized. Not including Empire Roofing HQ in Fort Worth has affiliates in San Antonio, Houston, Austin, El Paso, Tulsa (OK), Nashville (TN), Memphis (TN), Sunrise (FL), West Palm Beach (FL), Atlanta (GA), Denver (CO) and Mexico."

48.     In addition to being owners, Ronnie McGlothlin and Sandra Sedillo-

-10-

McGlothlin were generally listed in secretary of state filings as being managers. For example, in 2020, they were listed as managers for Empire Roofing Company Southeast, LLC; CEO and Secretary, respectively, for Empire Roofing Company of Georgia, LLC; President and Secretary, respectively, for Empire Roofing, Inc.; President and Registered Agent, respectively, for Empire Roofing Companies, Inc. and Empire Roofing of Oklahoma, Inc.; and Vice President and President, respectively, for Empire Disposal, Ltd.

49.     Empire Roofing routinely referred to its different corporate entities as "locations" and "affiliates" of a single "Empire Roofing" business. When it reported earnings and employees on its website and in the press, it would combine them from the different entities to report a total number.

50.     When Tecta purchased Empire Roofing, it indicated in its press release that it had purchased the entire network, "Empire Roofing, Inc. and all of its U.S. based affiliate roofing operations."

51.     Accordingly, Empire Roofing falsely applied for PPP funding when it did not qualify for PPP funding—including receiving two PPP loans for a single entity—and received forgiveness for the PPP loans under false pretenses.

52.     In its applications, Empire Roofing made false statements material to the PPP lending decisions.

53.     Insofar as the affiliate rules could have been considered unclear at the time

Empire Roofing applied for the loans, subsequent clarifications issued by the
SBA should have informed Empire Roofing that it had improperly applied for
and received PPP funds so that it should have repaid those funds. Instead,
Empire Roofing not only kept the PPP funds, but it applied for and received
forgiveness for those funds under false pretenses.

## COUNT I
### VIOLATIONS OF 31 U.S.C. § 3729 – FEDERAL FCA

54.      Relator hereby incorporates and realleges all other paragraphs as if fully
set forth herein.

55.      As set forth above, Defendants knowingly presented or caused to be
presented false or fraudulent claims for payment or approval, in violation of 31
U.S.C. § 3729(a)(1)(A).

56.      As set forth above, Defendants knowingly made, used, or caused to be
made or used, false records or statements material to numerous false claims, in
violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

57.      As set forth above, Defendants knowingly conspired to commit a violation
of the False Claims Act, in violation of 31 U.S.C. § 3729(a)(1)(C).

58.      As set forth above, Defendants knowingly made, used, or caused to be
made or used a false record or statement material to an obligation to pay or
transmit money or property to the Government, or knowingly concealed or
knowingly and improperly avoided or decreased an obligation to pay or

-12-

transmit money or property to the Government, in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(G).

59.    Due to Defendants' conduct, the United States Government has suffered substantial monetary damages and is entitled to recover treble damages and a civil penalty for each false claim, record, or statement. 31 U.S.C. § 3729.

60.    Relator is entitled to reasonable attorneys' fees, costs, and expenses. 31 U.S.C. § 3730(d)(1).

### PRAYER FOR RELIEF

WHEREFORE, Relator prays for judgment against Defendants:

(a) awarding the United States treble damages sustained by it for each of the false claims;

(b) awarding the United States a maximum civil penalty for each of the false claims and statements;

(c) awarding Relator the maximum relator's share of the proceeds of this action and any alternate remedy or the settlement of any such claim;

(d) awarding Relator litigation costs and reasonable attorneys' fees and expenses; and

(e) granting such other relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

-13-

Relator hereby respectfully demands trial by jury on all issues and

counts triable as of right before a jury.


Respectfully submitted,


Jason Marcus (*pro hac vice* pending)
Georgia Bar No. 949698
**Bracker & Marcus LLC**
3355 Lenox Road, Suite 660
Atlanta, Georgia 30326
Telephone: (770) 988-5035
Facsimile: (678) 648-5544
Jason@fcacounsel.com

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

RECEIVED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA ex rel. SIDESOLVE, LLC | EMPIRE ROOFING, INC., et al. |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Tarrant**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bracker & Marcus LLC
3355 Lenox Rd., Suite 660, Atlanta, GA 30326, 770-988-5035

Attorneys *(If Known)*

3-22 CV 2060 - B

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [x] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. 3729-33
Brief description of cause:
False Claims Act; PPP loan fraud

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 9/12/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____